UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ADAN MAGANA-SANCHEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:16CV001052 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Adan Magana-Sanchez's amended petition under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence [ECF No. 10].

**I.    BACKGROUND**

On September 19, 2013, Petitioner was indicted for conspiring to distribute methamphetamine (Count I), and conspiring to commit money laundering (Count II).[1] With regard to Count I--conspiring to distribute methamphetamine--the indictment stated "the quantity of methamphetamine involved in the offense was fifty grams or more, punishable under Title 21, United States Code, Section 841(a)(1)(A)(viii)."

On October 14, 2014, Petitioner pled guilty to both Counts. During the plea hearing, the indictment was read to Petitioner, and he was advised Count I was punishable under § 841(b)(1)(A) as it involved more than fifty grams of methamphetamine. When asked if he understood the charges against him, Petitioner replied he did. In addition, the plea agreement stated, as to Count I, Petitioner "admits there is a factual basis for the plea," and an element of the crime was satisfied as he "entered into an agreement or understanding to distribute in excess of fifty grams of methamphetamine . . . [.]"

---

[1] *See United States v. Adan Magana-Sanchez*, No. 4:13CR375 ERW.

1

The plea agreement further asserted the parties stipulated and agreed to the following facts: Petitioner entered into an agreement with Juan Sanchez-Hernandez ("Sanchez"), Ismael Miranda-Zarco ("Miranda") and others to distribute methamphetamine in the Eastern District of Missouri and elsewhere. Large quantities of methamphetamine were provided to Petitioner and Sanchez by Miguel Ceja-Pedrizco and Marco Ceja. Miranda obtained the methamphetamine from Petitioner and Sanchez, and arranged for the transportation of the methamphetamine to Missouri. Miranda sold the methamphetamine to distributors in Missouri who paid for the methamphetamine after distributing it to other individuals. Significant proceeds were generated from the sale of large quantities of methamphetamine by members of the conspiracy. Petitioner instructed Miranda how to return the proceeds from the methamphetamine sales to Petitioner and other members of the conspiracy. Miranda then directed the distributors to deposit cash from banks in Missouri to bank accounts in Texas and Washington.

On September 28, 2012, Sanchez was stopped in Montana with "974 grams of methamphetamine (actual)." Sanchez was transporting the methamphetamine at the direction of Petitioner from Washington to Minnesota. During October, 2012, Petitioner contacted Pedrizco in order to get him to ship the methamphetamine faster. Pedrizco arranged for methamphetamine to be delivered from Mexico to a stash house in California. Sanchez was to pick up the methamphetamine at Petitioner's direction and to deliver it to other individuals. On November 17, 2012, Maria Munoz-Ramirez was stopped at a border check-point with "3.1 kilograms of methamphetamine (actual)." The methamphetamine was going to be delivered to Petitioner and Sanchez. With respect to Petitioner, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was "more than 1.5 kilograms of methamphetamine (actual)."

In exchange for Petitioner's voluntary plea of guilty to Counts I and II, the government made certain concessions in the plea agreement. Specifically, the government agreed no further federal prosecution would be brought in the district relative to Petitioner's distribution of methamphetamine and conspiracy to commit money laundering between November, 2011 and September, 2013. The government also agreed not to file an information regarding Petitioner's prior conviction, which would have resulted in a mandatory minimum sentence of 20 years' imprisonment for Count I.

At the plea hearing, Petitioner acknowledged, under oath, he had the opportunity to read the plea agreement in its entirety before signing it. Also during the hearing, the government recited the same factual basis for Petitioner's plea just outlined above. Petitioner confirmed under oath he had no disagreement with any of the facts.

A presentence report was prepared and Petitioner's guideline range was 210 to 262 months imprisonment. On January 9, 2015, Petitioner was sentenced to 190 months imprisonment. On March 11, 2015, Petitioner appealed his judgment and sentence. The United States Eighth Circuit Court of Appeals issued a per curiam opinion affirming the District Court's judgment.

Petitioner filed a motion for post-conviction relief, styled "petition to consider possible submission of a § 2255 motion" [ECF No. 1], on June 24, 2016, pursuant to 28 U.S.C. § 2255. In that motion, Petitioner claimed he was entitled to relief under *Johnson v. United States,* 135 S.Ct. 2551 (2015).[2] On July 5, 2016, this Court entered an order giving the Public Defender's

---

[2] In *Johnson,* the Supreme Court held the residual clause of the Armed Career Criminal Act's "violent felony" definition is void for vagueness. The residual clause defines "violent felony" to include an offense that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Petitioner, however, was not classified as an Armed Career Criminal. As the "residual clause" was not implicated in any way, *Johnson* provides petitioner no avenue for relief.

Office forty-five days to file an amended motion to vacate under § 2255. On August 23, 2016, Petitioner filed a "First Supplement" to his motion for post-conviction relief, which abandoned the *Johnson* claim. The Public Defender's Office subsequently filed a notice to the Court that counsel had determined there was nothing in the record that would support any relief for Petitioner pursuant to *Johnson.*

On December 13, 2016, Petitioner filed an amended petition for post-conviction relief under 28 U.S.C. § 2255 [ECF No. 10].[3] The petition alleged his trial counsel provided constitutionally ineffective assistance by 1) failing to challenge the purity and weight of the methamphetamine for which he was sentenced, and 2) failing to challenge the jurisdiction of the Eastern District of Missouri for improper venue.

## II. LEGAL STANDARD

A federal prisoner who seeks relief from a sentence on grounds "that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). To obtain relief under § 2255, the movant must establish a violation constituting "a fundamental defect which inherently results in the miscarriage of justice." *U.S. v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *U.S. v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

Claims brought under § 2255 may be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. U.S.*, 25 F.3d 704, 706 (8th Cir. 1994)

---

[3] As Petitioner abandoned the *Johnson* claim referenced in his first request for habeas relief filed on June 24, 2016, [ECF No. 1], and he subsequently filed an amended petition under § 2255 [ECF No. 10], his original petition will be denied as moot.

(citing *Bedford v. U.S.*, 975 F.2d 301, 313 (7th Cir. 1992)). Claims, including those concerning constitutional or jurisdictional issues, unraised on direct appeal cannot be subsequently raised in a § 2255 motion, unless the movant can establish "(1) cause for the default and actual prejudice or (2) actual innocence." *U.S. v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. U.S.*, 523 U.S. 614, 621 (1998)).

However, ineffective assistance of counsel claims may be raised for the first time in a § 2255 motion, even if they could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). This exception is in place to prevent petitioners from being forced "to raise the issue before there has been an opportunity fully to develop the factual predicate for the claim." *Id*. Additionally, a petitioner's attorney may serve as counsel for both the trial and appellate case, and it is unlikely that the attorney would raise a claim of his own ineffective assistance on appeal. *See United States v. Rashad*, 331 F.3d 908, 911 (D.C. Cir. 2003).

If a movant is not procedurally barred from bringing a § 2255 motion, the Court must hold an evidentiary hearing to consider claims made therein "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Shaw v. U.S.,* 24 F.3d 1040, 1043 (8th Cir. 1994). Thus, a movant is entitled to an evidentiary hearing as long as "the facts alleged, if true, would entitle [the movant] to relief." *Payne v. U.S.,* 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). A court may dismiss a claim without an evidentiary hearing, in contrast, "if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. U.S.*, 905 F.2d 218, 220–21 (8th Cir. 1990)).

### III. DISCUSSION

Petitioner asserts two grounds for relief in his amended petition. In his first ground, he asserts his counsel was ineffective related to the purity level and weight of methamphetamine. Specifically, Petitioner claims there was no laboratory analysis to support the quantity of methamphetamine stated in the indictment. Petitioner argues his counsel's erroneous failure to challenge the purity of the alleged methamphetamine resulted in Petitioner being sentenced under 21 U.S.C. § 841(b)(1)(A) without sufficient evidence. Petitioner maintains he made no admissions that the conspiracy involved a quantity of methamphetamine that would implicate sentencing under § 841(b)(1)(A).[4]

To establish a claim for ineffective assistance of counsel, a defendant must show the counsel's performance was deficient and counsel's deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Prejudice requires the defendant to show he was deprived of a fair trial because of the deficiency. *Id*. Under the first prong, the measure of an attorney's performance is "reasonableness under prevailing professional norms." *Id.* at 688. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. To establish the second prong of prejudice, the defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. When a defendant has pled guilty, the defendant must demonstrate there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Matthews v. United States*, 114 F.3d 112, 114 (8th Cir.

---

[4] Title 21 U.S.C. § 841 states:
    (a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—
    (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance[.] . . .
    (b) . . .[A]ny person who violates subsection (a) of this section shall be sentenced as follows:
    (1)(A) In the case of a violation . . . involving . . . (viii) 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers; . . . such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life . . . [.]

1997) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). A court need not address both prongs of the analysis if the defendant makes an insufficient showing on either prong. *Strickland*, 466 U.S. at 697.

A guilty plea and representations made by a defendant during the plea-taking create a "strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997). When a defendant admits he is satisfied with his lawyer, there were no threats or promises to induce him to plead, and he voluntarily admits his guilt, he has a "heavy burden" to show his plea was involuntary. *Id*. "Once a person has entered a guilty plea, any subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Tran v. Lockhart*, 849 F.2d 1064, 1068 (8th Cir. 1988).

Petitioner's first claim must be denied as it is refuted by the record. Although Petitioner asserts he made no admission to support the quantity of Methamphetamine, the record of his plea indicates otherwise. At the plea hearing, the indictment was read to Petitioner, advising him the offense was punishable under 21 U.S.C. § 841(b)(1)(A) as it involved more than fifty grams of methamphetamine. Petitioner indicated to the court under oath he understood the charges.

In addition, the plea agreement stated Petitioner admitted he entered into an agreement to distribute in excess of fifty grams of methamphetamine. The agreement further specified the amount of methamphetamine involved in the conspiracy attributable to Petitioner as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was more than 1.5 kilograms of actual methamphetamine. Petitioner acknowledged under oath he had the opportunity to read the plea agreement in its entirety before signing it.

Moreover, at the plea hearing, Petitioner admitted the amount of methamphetamine seized was 994 grams and 3.1 kilograms of actual methamphetamine. Also, the government, in setting forth the factual basis for the plea, again stated the amount of methamphetamine involved in the conspiracy attributable to Petitioner was more than 1.5 kilograms of actual methamphetamine. Petitioner immediately confirmed he had no disagreement with this fact. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Because Petitioner admitted multiple times to the quantity of actual methamphetamine for which he was sentenced, his counsel was not ineffective for failing to challenge the weight and purity of the methamphetamine as sufficient evidence under 21 U.S.C. § 841(b)(1)(A). Furthermore, Petitioner has failed to establish he was prejudiced and would have insisted on going to trial had counsel challenged the purity of the methamphetamine. *See Matthews*, 114 F.3d at 114. The record of the plea does reflect, however, that Petitioner received significant benefits in exchange for his guilty plea.

Here, Petitioner is not entitled to a hearing on his claim for relief as the record affirmatively refutes the factual assertions upon which Petitioner's claim is based. Accordingly, the Court will deny Petitioner's first claim for habeas relief.

In Petitioner's second ground for relief, he claims venue in the Eastern District of Missouri was improper. He argues his counsel's failure to object to venue at his plea hearing and sentencing constitutes deficient performance. Specifically, Petitioner claims there was no admission that provides a basis for venue in the Eastern District of Missouri; and, there are no facts in the plea agreement that establish venue in the Eastern District of Missouri.

At the outset, the Court notes Petitioner's direct challenge to venue in the district court is procedurally barred. Venue is not subject to collateral attack in a § 2255 proceeding. *See Houser v. United States*, 508 F.2d 509 at 515 n. 24 (8th Cir. 1974); *Entrekin v. United States*, 508 F.2d 1328, 1330 (8th Cir. 1974). In order to establish his related claim of ineffective assistance of counsel, Petitioner must show counsel's failure to object to venue was deficient. Here, had Petitioner's counsel objected to venue, his objection would have been overruled as venue was proper in the Eastern District of Missouri.

Under 18 U.S.C. § 3237(a):

Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.

Venue is proper in conspiracy cases "in any jurisdiction in which an overt act in furtherance of the conspiracy was committed by any of the conspirators." *United States v. Bascope-Zurita,* 68 F.3d 1057, 1062 (8th Cir. 1995), *cert. denied,* 516 U.S. 1062, 116 S.Ct. 741, 133 L.Ed.2d 690 (1996). *See also Prosper v. United States*, 218 F.3d 883, 884 (8th Cir. 2000)

In this case, the record establishes that numerous overt acts of the conspiracy occurred in the Eastern District of Missouri. Both the plea agreement and the facts recited by the government at the plea hearing describe how Petitioner and other members of the conspiracy distributed methamphetamine and committed money laundering. Specifically, the following facts were set forth asserting the conspiracy's nexus with Missouri: Petitioner entered into an agreement with Sanchez, Miranda and other co-conspirators to distribute methamphetamine in the Eastern District of Missouri and elsewhere. Miranda obtained large quantities of methamphetamine from Petitioner and Sanchez, and arranged for the transportation of the methamphetamine to Missouri. Miranda sold the methamphetamine to distributors in Missouri who paid for the

9

methamphetamine after distributing it to other individuals. Petitioner instructed Miranda how to return the significant proceeds generated from methamphetamine sales to Petitioner and other members of the conspiracy. Miranda accordingly instructed the distributors to deposit cash from banks in Missouri to bank accounts in Texas and Washington. At the plea hearing, Petitioner confirmed he had no disagreement with any of these facts.

Because overt acts in furtherance of the conspiracy were committed in Missouri, venue appears proper. Any objection by counsel would have been overruled. Petitioner's counsel is not ineffective for failing to advance a meritless argument. *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994). Thus, counsel's performance was not deficient and the Court need not reach a determination of the prejudice prong. *See Strickland*, 466 U.S. at 697 (A court need not address both prongs of the analysis if the defendant makes an insufficient showing on either prong). The Court will dismiss Petitioner's claim without an evidentiary hearing as the records of the case conclusively show that the prisoner is entitled to no relief.

IV.  **CERTIFICATE OF APPEALABILITY**

The Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can issue. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Therefore, the Court shall not issue a certificate of appealability as to any claims raised in Petitioner's § 2255 Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Adan Magana-Sanchez's amended petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 10] is **DENIED**. Petitioner's Motion is **DISMISSED, with prejudice**.

**IT IS FURTHER ORDERED** that Petitioner's petition to consider possible submission of a § 2255 motion [ECF No. 1] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any claim raised in Petitioner's § 2255 Motion.

So Ordered this 27th day of March, 2017.

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**